# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WAYNE BUNTION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil No. 4:22-cv-1125 |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT FILED
## PURSUANT TO 42 U.S.C. § 1983

### Mr. Buntion is scheduled to be executed
### on April 21, 2022, after 6:00 pm.

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, TX  77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, TX  77204-6060
Tel. (713) 743-6843
Fax (713) 743-2131
Email jrnewber@central.uh.edu

*Counsel for Carl Buntion, Plaintiff*

1

# Table of Contents

Table of Authorities.................................................................... 3

Table of Exhibits……. .............................................................. 6

PLAINTIFF'S COMPLAINT FILED PURSUANT TO 42 U.S.C. §
1983………………. ..................................................................... 7

Introduction……….. ................................................................. 7

Jurisdiction……….. ................................................................... 8

Venue………………. ................................................................. 10

Parties……………… ................................................................. 10

Procedural background ........................................................... 11

    A.   1991 trial and appeals ............................................. 11

    B.   Subsequent state habeas proceeding ..................... 17

    C.   2012 retrial and subsequent appeals ..................... 19

Exhaustion of administrative remedies................................... 22

Cause of Action: Buntion's execution after over three decades of
delay caused by the State would violate his rights under the
Eighth and Fourteenth Amendments. ...................................... 24

Prayer for Relief...................................................................... 29

Verification…………. ............................................................... 31

Certificate of Service .............................................................. 32

# Table of Authorities

## Cases

*Barr v. Purkey*,
      140 S. Ct. 2594 (2020) ....................................................................... 26

*Buntion v. Dretke*,
      No. 4:04-cv-01328 (S.D. Tex. Apr. 28, 2006).............................. 16-17

*Buntion v. Lumpkin*,
      982 F.3d 945 (5th Cir. 2020)............................................................ 21

*Buntion v. Lumpkin*,
      No. 4:17-cv-02683 (S.D. Tex. Mar. 5, 2020) .................................... 21

*Buntion v. Quarterman*,
      555 U.S. 1176 (2009) ........................................................................ 17

*Buntion v. Quarterman*,
      524 F.3d 664 (5th Cir. 2008)............................................................ 17

*Buntion v. State*,
      482 S.W.3d 58 (Tex. Crim. App. 2016)............................................ 20

*Buntion v. State*,
      No. 71,238, 1995 Tex. Crim. App. Unpub. LEXIS 2, at *60-61
      (Tex. Crim. App. May 31, 1995) ...................................................... 14

*Buntion v. Texas*,
      136 S. Ct. 2521 (2016) ...................................................................... 20

*Coble v. Quarterman*,
      496 F.3d 430 (5th Cir. 2007)............................................................ 17

*Conner v. Sellers*,
     136 S. Ct. 2440 (2016) ...................................................................... 26

*Ellege v. Florida*,
     119 S. Ct. 366 (1988) ................................................................... 27-28

*Ex parte Buntion*,
     No. WR-22,548-05 (Tex. Crim. App. Mar. 30, 2022) ...................... 23

*Ex parte Buntion*,
     No. WR-22,548-04, 2017 WL 2464716 (Tex. Crim. App. June
     7, 2017)………… ................................................................................ 20

*Ex parte Buntion*,
     No. AP-76,236, 2009 WL 3154909 (Tex. Crim. App. Sept. 30,
     2009)………… ................................................................................. 18

*Ex parte Buntion*,
     No. WR-22,548-02, 2003 Tex. Crim. App. Unpub. LEXIS 9, at
     *1 (Tex. Crim. App. Nov. 5, 2003) .................................................. 16

*Foster v. Florida*,
     123 S. Ct. 470 (2002) ................................................................... 28-29

*Furman v. Georgia*,
     408 U.S. 238 (1972) ......................................................................... 27

*Gregg v. Georgia*,
     428 U.S. 153 (1976) ......................................................................... 27

*In re Davila*,
     888 F.3d 179 (5th Cir. 2018) ........................................................... 23

*Johnson v. Bredesen*,
     130 S. Ct. 541 (2009) ......................................................................... 9

*Jordan v. Mississippi*,
    138 S. Ct. 2567 (2018) ........................................................... 26

*Lackey v. Texas*,
    514 U.S. 1045 (1995) ............................................................ 26

*Nelson v. Campbell*,
    541 U.S. 637 (2004) ............................................................ 9-10

*Penry v. Johnson* (*Penry II*),
    532 U.S. 782 (2001) ............................................................ 15

*Penry v. Lynaugh* (*Penry I*),
    492 U.S. 302 (1989) .......................................................... 12-13

*Rocha v. Thaler*,
    626 F.3d 815 (5th Cir. 2010) ............................................... 23

*Smith v. Arizona*,
    552 U.S. 985 (2007) ............................................................ 26

*Thomson v. McNeil*,
    129 S. Ct. 1299 (2009) ........................................................ 28

*Valle v. Florida*,
    564 U.S. 1067 (2011) .......................................................... 26

**Rules and statutes**

42 U.S.C. § 1983 ....................................................................... 24

Tex. Crim. Proc. art. 37.0711 .............................................. 12, 19

U.S. Const. amend. VIII ...................................................... 24-25

## Table of Exhibits

Exhibit 1          Excerpt of Buntion's medical records

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WAYNE BUNTION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil No. 4:22-cv- |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT FILED
## PURSUANT TO 42 U.S.C. § 1983

## Introduction

1.     Plaintiff Carl Wayne Buntion is scheduled to be executed on April 21, 2022. He has been incarcerated under a sentence of death for over thirty-one years, after originally being sentenced to death on January 24, 1991 in the 178th District Court of Harris County, Texas. For almost two-thirds of the time he has been on death row, Buntion was incarcerated under an unconstitutional sentence. That sentence was vacated in 2009 because the Texas capital sentencing scheme did not permit jurors to give effect to mitigating evidence, in violation of the

Eighth Amendment. Buntion was subsequently again sentenced to death in 2012. However, as is discussed more fully below, by that late date, most if not all of the witnesses Buntion's trial counsel hoped to call as witnesses had died.

2.      Buntion turned seventy-eight years old on March 30, 2022. He is the oldest person incarcerated on death row in Texas.[1] He often requires the use of a wheelchair and experiences vertigo so severe that he cannot be housed in a cell which is not on the ground floor. *See* Exhibit 1 (Excerpt of Buntion's medical records). After such a lengthy incarceration, his execution on April 21, 2022 would serve neither of the permissible purposes of the death penalty.

## Jurisdiction

3.      This court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 1651, 2201, and 2202, and under 42 U.S.C. § 1983.

4.      The claim addressed herein is properly brought in a 1983 action because it is concerned with the method by which the State

---

[1] If Buntion is executed on April 21, he will be the oldest person executed in Texas in the modern era and third oldest executed in the United States during the modern era. See Death Penalty Information Center, Execution Database, https://deathpenaltyinfo.org/executions/execution-database.

Case 4:22-cv-01125   Document 1   Filed on 04/07/22 in TXSD   Page 9 of 32

intends to execute Plaintiff: that is, the State sent Buntion to death row by an unconstitutional process; it then kept him there and delayed affording him a constitutional trial for two decades; throughout that time, the State actively resisted Plaintiff's attempts to obtain a constitutional sentencing proceeding. The challenge brought in this Petition is not to the legality of the 2012 sentencing proceeding; instead, it is to the State's method of holding Buntion on death row for over three decades, most of which time it was holding him under an unconstitutional sentence. *See Johnson v. Bredesen*, 130 S. Ct. 541, 543 (2009) (Stevens, J. respecting the denial of certiorari). Had the State not directly caused the delay of Plaintiff's execution by providing Plaintiff an unconstitutional sentencing trial in 1991 and then resisting Plaintiff's attempts to have the error corrected for almost twenty years, "the State would have been quite free, as a constitutional matter, to 'go forward with the sentence.'" *Id.* (*quoting Nelson v. Campbell*, 541 U.S. 637, 644 (2004)). As such, the claim raised herein does not call into question the validity of the sentence itself but instead the method of execution and is, for that reason, cognizable in an action brought

pursuant to section 1983. *See Nelson*, 541 U.S. at 644.

## Venue

5.     Venue is proper under 28 U.S.C. § 1391 because defendants reside in the Southern District of Texas. Venue is also proper because Plaintiff's execution will occur in this district.

## Parties

6.     Plaintiff Carl Buntion is currently incarcerated under a sentence of death at the Polunsky Unit of the Texas Department of Criminal Justice ("TDCJ") in Livingston, Texas. He is scheduled to be executed on April 21, 2022.

7.     Defendant Bryan Collier is the executive director of the Texas Department of Criminal Justice. He is being sued in his official capacity. He is responsible for the oversight and enforcement of policies and procedures generally applicable to all prisons and all prisoners and is responsible for carrying out Buntion's execution.

8.     Defendant Bobby Lumpkin is the director of the Correctional Institutions Division of the Texas Department of Criminal Justice. He is being sued in his official capacity. Mr. Lumpkin is the person charged

by the trial court's order to execute the judgment of death against Buntion.

9.     Defendant Dennis Crowley is the senior warden of the Huntsville Unit, the unit at which TDCJ executes inmates. He is being sued in his official capacity. As the warden of the Huntsville Unit, Mr. Crowley is the TDCJ official that supervises Texas executions.

## Procedural background

### A.     1991 trial and appeals

10.     On June 28, 1990, Buntion was indicted for intentionally and knowingly causing the death of Houston Police Officer James Irby. I Tr. 5.[2] Pretrial publicity was extensive in the Houston area, and, as a result, Judge William Harmon ordered the trial be convened in Gillespie County. *Id.* at 53. Guilt phase proceedings commenced on January 14, 1991, and the jury subsequently found Buntion guilty of capital murder on January 17. 61 S.F. 945.

---

[2] Citations to the Clerk's Record of Buntion's 1991 trial appear in this pleading as [volume number] Tr. [page number]. Citations to the Reporter's Record of Buntion's 1991 trial appear herein as [volume number] S.F. [page number].

11.    The punishment phase commenced on January 21. At the
conclusion of the punishment phase proceedings, the court charged the
jury with answering two special issues, the answers to which would
determine whether Buntion would be sentenced to death or life in
prison. 64 S.F. 530; I Tr. 355-58. The first special issue was whether
Buntion's conduct that caused the death of Officer Irby was "committed
deliberately and with the reasonable expectation that the death of the
deceased or another would result." I Tr. 355; *see also* Tex. Code Crim.
Proc. art. 37.0711, § 3(b)(1). The second special issue asked the jury to
determine whether there was "a probability that . . . Buntion would
commit criminal acts of violence that would constitute a continuing
threat to society." I Tr. 357; *see also* Tex. Code Crim. Proc. art. 37.0711,
§ 3(b)(2).

12.    More than a year before Buntion's trial – that is, more than
a year before the trial judge charged the jury in Buntion's case – the
Supreme Court had ruled, in another case from Texas, that neither of
the special issues then-specified by Texas law required or even
permitted the jury to consider mitigating evidence. *See Penry v.*

12

*Lynaugh* (*Penry I*), 492 U.S. 302, 328 (1989). To that extent, the Texas death penalty statute was unconstitutional. However, rather than instructing the jury in Buntion's case to answer a question related to mitigating evidence, the trial court simply told the jurors to consider mitigating evidence while deliberating on the two special issues and, if they found that a life sentence was appropriate, then they should answer one of the two special issues with a "no" regardless of what they otherwise believed the answer to the special issue should be. I Tr. 353-54.

13.    Buntion's attorneys had anticipated the trial court would give the jury this so-called nullification instruction rather than do what it should have done pursuant *Penry I* – i.e., ask the jurors to decide a separate special issue pertaining to mitigating evidence – and for that reason, on November 4, 1990 (over two months before Buntion's trial commenced), the attorneys filed a motion that asked the trial court to include a special issue that would have expressly required the jury to consider mitigating evidence. I Tr. 196-97. The trial court did not immediately act on the motion but instead denied it near the end of the

punishment phase of Buntion's trial. 14 S.F. 6; 63 S.F. 488-89. On January 24, 1991, the jury returned with "yes" answers to both the deliberateness special issue and the future dangerousness special issue, and Buntion was sentenced to death. I Tr. 355-58; 64 S.F. 618-22.

14.     Buntion then appealed his conviction and sentence to the Texas Court of Criminal Appeals ("CCA"). Two of the claims Buntion raised on direct appeal – i.e., points of error 49 and 62 – pertained the trial court's denying his motion that asked the trial court to include a special issue pertaining to mitigation. *Buntion v. State*, No. 71,238, 1995 Tex. Crim. App. Unpub. LEXIS 2, at *60-61 (Tex. Crim. App. May 31, 1995). In denying relief on these claims, the CCA wrote that the jurors could have given "proper effect" to mitigation by answering "no" to the future dangerousness question. *Id.* That court affirmed Buntion's conviction and sentence on May 31, 1995.

15.     Buntion filed his initial state application for a writ of habeas on March 31, 1997. SHCR-2 182.[3] The forty-seventh, fifty-seventh, and

_____

[3] Citations to the State Habeas Clerk's Record of Buntion's initial state habeas proceeding, No. WR-22,548-02, appear in this pleading at SHCR-2 [page

14

fifty-eighth claims raised in the application asked the state habeas court to reverse Buntion's death sentence because the jurors were not able to give effect to the mitigating evidence presented at trial, because the trial court denied Buntion's request for a special issue that would specifically address mitigation. SHCR-2 134-36, 162-63. The trial court issued its Findings of Fact and Conclusions of Law on September 29, 2003. Supp. SHCR-2 69. Two years before the trial court entered its findings, on June 4, 2001, the Supreme Court issued its opinion in *Penry v. Johnson* (*Penry II*), 532 U.S. 782 (2001). In *Penry II*, the Supreme Court made clear that any belief that its mandate in *Penry I* was satisfied by a nullification instruction was "objectively unreasonable." *Penry II*, 532 U.S. at 803-04.

16.    In light of *Penry II*, therefore, it was unmistakably clear that Buntion was entitled to relief on his claims. The trial court, however, found that Buntion's claims should not "be considered in the instant writ proceeding" because the CCA had denied Buntion relief on related claims on direct appeal. Supp. SHCR-2 64, para. 37. The CCA adopted

---

number]. Citations to the Supplemental volume of the record appear herein as Supp. SHCR-2 [page number].

the trial court's findings and conclusions in denying Buntion relief on November 5, 2003. *Ex parte Buntion*, No. WR-22,548-02, 2003 Tex. Crim. App. Unpub. LEXIS 9, at *1 (Tex. Crim. App. Nov. 5, 2003).

17.    Buntion then sought federal review of his conviction and sentence, filing his amended petition for a writ of habeas corpus in the federal district court on December 30, 2004. *Buntion v. Dretke*, No. 4:04-cv-01328 (S.D. Tex. Dec. 30, 2004), ECF No. 23. Buntion's then-counsel raised thirty-eight claims for relief. The twenty-forth claim was that Article 37.071 of the Texas Code of Criminal Procedure is unconstitutional as applied to Buntion's case because it failed to allow his jurors to give effect to mitigating evidence. *Id.* at 96-98. With respect to this claim, the district court found Buntion was not entitled to relief because, notwithstanding the nullification instruction, the jury was able to give *sufficient effect* to the mitigating evidence he presented at trial. *Buntion v. Dretke*, No. 4:04-cv-01328, 2006 WL 8453025, at *27-28 (S.D. Tex. Apr. 28, 2006). The district court's opinion relied on a March 22, 2006 decision from the United States Court of Appeals for the Fifth Circuit from Billie Coble's case. *Buntion*, 2006 WL 8453025, at

16

*27-28. That opinion was subsequently withdrawn in light of the
Supreme Court's opinions in *Abdul-Kabir v. Quarterman*, 550 U.S. 233
(2007), and *Brewer v. Quarterman*, 550 U.S. 286 (2007), in which the
Supreme Court made clear that a jury must be able to give *full effect*,
and not merely *sufficient effect*, to mitigating evidence. *Coble v.
Quarterman*, 496 F.3d 430, 433 (5th Cir. 2007).[4]

### B.    Subsequent state habeas proceeding

18.    Less than five months after his initial federal habeas
proceeding concluded, on July 14, 2009, Buntion raised a claim
pursuant to *Penry II* in the state habeas court. SHCR-3 22.[5] On
September 30, 2009, the CCA held the "nullification instruction given to
[Buntion's] jury was not a sufficient vehicle to allow jurors to give
meaningful effect to the mitigating evidence presented" at his 1991 trial

---

[4] The district court did grant Buntion relief on his claims related to the trial
court's bias, claims which made up a large part of the habeas petition. *Buntion*,
2006 WL 8453025, at *24. However, following the government's appeal, the court of
appeals vacated the portion of the district court's order granting Buntion relief.
*Buntion v. Quarterman*, 524 F.3d 664, 671 (5th Cir. 2008). The Supreme Court
denied Buntion's Petition for a Writ of Certiorari on February 23, 2009. *Buntion v.
Quarterman*, 555 U.S. 1176 (2009).

[5] Citations to the State Habeas Clerk's Record of Buntion's subsequent state
habeas proceeding, in which he raised a claim pursuant to *Penry II*, i.e., No. WR-
22,548-03, appear in this pleading as SHCR-3 [page number].

and remanded his case to the state trial court for a new punishment hearing. *Ex parte Buntion*, No. AP-76,236, 2009 WL 3154909, at *2 (Tex. Crim. App. Sept. 30, 2009). As explained above, Buntion had, by this point, argued for almost nineteen years that the nullification instruction was not adequate.

**C.   2012 retrial and subsequent appeals**

19.   The new punishment phase proceeding ordered by the CCA commenced on February 21, 2012. The mitigation case put on by trial counsel was remarkably thin – not necessarily because there was no mitigation case to be had, but because the passage of time had made it impossible to adequately investigate and present the mitigating evidence. During the twenty-one years that passed between Buntion's first and second trials (a period during which he was being held under an unconstitutional sentence), life history records were destroyed and crucial witnesses either died or became otherwise unavailable.

20.   At the conclusion of the evidence, the trial court charged the jury. At this trial, the jury had to answer four special issues. The first question, which was also asked of his 1991 jury, was whether Buntion

had acted deliberately in killing Officer Irby. Tex. Code Crim. Proc. art.
37.0711, § 2(b)(1). The second special issue the jury addressed was the
so-called future dangerousness special issue, which asks the jury to
determine whether the evidence had demonstrated "beyond a
reasonable doubt there is a probability that [Buntion] would commit
criminal acts of violence that would constitute a continuing threat to
society." Tex. Code Crim. Proc. art. 37.0711, § 2(b)(2). The third special
issue asked the jury to determine whether Buntion's action was an
unreasonable response to any provocation by Officer Irby. Tex. Code
Crim. Proc. art. 37.0711, § 2(b)(3). Finally, addressing the error which
led to Buntion's being retried, the fourth special issue asked the jury
whether "there is a sufficient mitigating circumstance or circumstances
to warrant that a sentence of life imprisonment rather than a death
sentence be imposed." Tex. Code Crim. Proc. art. 37.0711, § 2(e). On
March 6, 2012, the jury returned answers to each of the four special
issues, finding that Buntion had acted deliberately, would commit
future acts of violence, had acted unreasonably in response to any
provocation from Officer Irby, and that there were not sufficient

19

mitigating circumstances to warrant sentencing Buntion to life in prison instead of the death. Accordingly, on March 6, 2012, Buntion was again sentenced to death. 45 R.R. 38.[6]

21.     The CCA affirmed his sentence on January 27, 2016. *Buntion v. State*, 482 S.W.3d 58 (Tex. Crim. App. 2016). His case became final when the Supreme Court denied his petition for a writ of certiorari on June 27, 2016. *Buntion v. Texas*, 136 S. Ct. 2521 (2016).

22.     On September 25, 2014, Buntion filed a state habeas application pursuant to Article 11.071. The trial court entered its findings of fact and conclusions of law recommending relief be denied on December 28, 2016. State's Proposed Findings of Fact, Conclusions of Law & Order, *Ex parte Buntion*, No. 588227-C (178th Dist. Ct., Harris County, Tex. Aug. 30, 2016). Based on the trial court's findings and conclusions and its own review, the CCA denied Buntion relief on June 7, 2017. *Ex parte Buntion*, No. WR-22,548-04, 2017 WL 2464716 (Tex. Crim. App. June 7, 2017).

---

[6] Citations to the Reporter's Record Buntion's second trial—*State v. Buntion*, No. 588227 (178th Dist. Ct., Harris County, Tex. Mar. 6, 2012)—are cited herein as [volume number] R.R. [page number].

23.    On September 18, 2017, undersigned Counsel were
appointed to represent Buntion in his federal habeas proceeding. Order,
*Buntion v. Davis*, No. 4:17-cv-02683 (S.D. Tex. Sept. 18, 2017), ECF No.
2. Counsel filed Buntion's federal habeas petition on June 7, 2018. The
district court entered an order denying Buntion relief and a certificate
of appealability. Mem. & Order, *Buntion v. Lumpkin*, No. 4:17-cv-02683
(S.D. Tex. Mar. 5, 2020), ECF No. 26. On appeal, the United States
Court of Appeals for the Fifth Circuit agreed that Buntion was not
entitled to a certificate of appealability on any of his claims. *Buntion v.
Lumpkin*, 982 F.3d 945, 953 (5th Cir. 2020). The Supreme Court
subsequently denied his Petition for Writ of Certiorari on October 4,
2021.

24.    The day after the Supreme Court denied certiorari, the
District Attorney's Office informed Counsel it intended to ask the trial
court to set an execution date for Mr. Buntion. Counsel immediately
began working on a habeas application to file in the state courts.
Counsel filed the application on December 8, 2021 – almost a full month
before the trial court entered its January 4 order scheduling Buntion to

be executed. The CCA did not act on the application immediately, or even soon after a date was set. Instead the CCA waited until March 30, 2022 – almost four months after Counsel filed the application and only three weeks before Buntion is scheduled to be executed – to enter its order dismissing the application.

25.   Buntion subsequently filed a petition for writ of habeas corpus in the federal district court. That petition, which Buntion believes in neither second nor successive within the meaning of 28 U.S.C. § 2244, remains pending as of the date this Complaint is filed.

## Exhaustion of administrative remedies

26.   Plaintiff does not believe that exhaustion is necessary under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, because there are no available administrative remedies that could address the challenged constitutional violation.

27.   While there is no requirement that a claim raised in a § 1983 action be exhausted in the state courts, the claim raised herein was so exhausted. Plaintiff presented this claim to the state habeas court in an application filed by Counsel on December 8, 2021. The factual basis for

the claim is the thirty-one years Buntion has been incarcerated under a sentence of death.

28.     In its March 30 Order dismissing Buntion's claims, the CCA wrote that it had found that Buntion "failed to satisfy the requirements of Article 11.071, § 5(a)" and that it dismissed his application "as an abuse of the writ without considering the claims' merits." *Ex parte Buntion*, No. WR-22,548-05 (Tex. Crim. App. Mar. 30, 2022).

29.     Because the factual predicate was not available when Buntion filed his most recent prior state habeas application on September 25, 2014, this Court should find that the CCA's order indicates that court considered the merits of Buntion's claim and found that the claim did not make a prima facie case that he is entitled to relief from his death sentence. *See generally In re Davila*, 888 F.3d 179, 188 (5th Cir. 2018) (*quoting Rocha v. Thaler*, 626 F.3d 815, 837 (5th Cir. 2010)) (indicating this Court is "not required 'to check [its] common sense at the door when [it] read[s] an opinion of the [CCA] with an eye toward ascertaining its decisional basis'").

23

30.    In any event, and regardless of whether the CCA did in fact consider the merits, that court had the opportunity to do so. Consequently, insofar as exhaustion is required, Buntion, by providing the state court with the opportunity to address the claim and provide relief, has exhausted his state court remedies.

## Cause of Action

**Buntion's execution after over three decades of delay caused by the State would violate his rights under the Eighth and Fourteenth Amendments.**

31.    Plaintiff incorporates and realleges each of the allegations contained in paragraphs 1 through 30 of this Complaint.

32.    42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

33.    The Eighth Amendment to the United States Constitution prohibits the federal government from inflicting "cruel and unusual punishments." The Eighth Amendment is applicable to the states,

24

including Texas, by the Due Process Clause of the Fourteenth
Amendment to the United States Constitution.

34.    Defendants have acted, and continue to act, under color of
state law and have unjustifiably continued to hold Plaintiff under
threat of imminent execution despite Plaintiff being sentenced to death
in 1991.

35.    As a result of Defendants' conduct, Plaintiff has suffered and
continues to suffer additional, excessive, gratuitous, and cruel and
unusual punishment in violation of the Eighth and Fourteenth
Amendments by spending more than three decades on death row, the
majority of his in solitary confinement, with the mental anguish that
accompanies the threat of imminent execution.

36.    Executing Plaintiff now that he has suffered more than three
decades on death row, many chronic medical conditions, the mental
anguish that accompanies the threat of imminent execution, and cruel
conditions of solitary confinement, would serve no penological purpose
and would constitute additional, excessive, gratuitous, and cruel and

unusual punishment in violation of the Eighth and Fourteenth
Amendments.

37.    In his opinion dissenting from the denial of certiorari in
*Lackey v. Texas*, 514 U.S. 1045 (1995), Justice Stevens observed that
neither of the two principal purposes for the death penalty—i.e.,
retribution and deterrence—is served in the case of a defendant who
has spent a significant period of time under a sentence of death. *Lackey
v. Texas*, 514 U.S. 1045, 1045 (1995) (Stevens, J., dissenting from the
denial of certiorari). Since *Lackey*, Justice Breyer has expressed
agreement with Justice Stevens' view. *See, e.g.*, *Barr v. Purkey*, 140 S.
Ct. 2594 (2020) (Breyer, J., dissenting from the order vacating stay);
*Jordan v. Mississippi*, 138 S. Ct. 2567 (2018) (Breyer, J., dissenting
from the denial of certiorari); *Conner v. Sellers*, 136 S. Ct. 2440, 2441
(2016) (Breyer, J., dissenting from the denial of certiorari); *Valle v.
Florida*, 564 U.S. 1067 (2011) (Breyer, J., dissenting from the denial of
certiorari); *Smith v. Arizona*, 552 U.S. 985 (2007) (Breyer, J., dissenting
from the denial of certiorari).

38.    As a defendant's time on death row lengthens, the justification for the imposition of the death penalty weakens, and the Eighth Amendment concerns accordingly grow. *See Lackey*, 514 U.S. at 1045 (suggesting that a 17-year delay in execution would not have been acceptable to the Framers, nor would execution after such delay serve the societal purposes of retribution and deterrence); *see also Gregg v. Georgia*, 428 U.S. 153, 177, 182-83 (1976) (cautioning that any criminal sanction imposed "cannot be so totally without penological justification that it results in the gratuitous infliction of suffering"); *Furman v. Georgia*, 408 U.S. 238, 312 (1972) (White, J., concurring) (noting that when the death penalty ceases to further the social purposes of retribution and deterrence, "its imposition would then be the pointless and needless extinction of life" and the death penalty "would be patently excessive and unusual punishment violative of the Eighth Amendment").

39.    Further, an execution after an extraordinarily long delay is especially cruel when the cause of delay is a defendant's meritorious exercise of his constitutional rights. *See Ellege v. Florida*, 119 S. Ct.

27

366, 366-67 (1988) (Breyer, J., dissenting from the denial of certiorari) (concluding that execution after imprisonment for twenty-three years under a sentence of death may be cruel in light of the fact that the delays were not because of defendant's frivolous appeals, but rather due, in large part, to his successful litigation). Beginning months before his 1991 trial commenced, Buntion began arguing that the nullification instruction the jurors received did not satisfy the dictates of the Eighth Amendment. Finally, after pursuing that claim for over twenty-one years, in 2012, Buntion received a sentencing trial not encumbered by the error he had been complaining about for so long. The delay in Buntion's case was due to "the State's own faulty procedures and not because of frivolous appeals on his part." *Ellege*, 119 S. Ct. at 367; *see also Thompson v. McNeil*, 129 S. Ct. 1299, 1304 (2009) (Breyer, J., dissenting from the denial of certiorari) ("it is fair, not unfair, to take account of the delay the State caused when it initially refused to allow [Petitioner] to present [mitigating evidence] at the punishment phase of his trial"); *Foster v. Florida*, 123 S. Ct. 470, 472 (2002) (Breyer, J.,

dissenting from the denial of certiorari) ("The length of this confinement has resulted partly from the State's repeated procedural errors.").

40.    In a contemporaneously filed motion, Plaintiff asks this Court to find there is a likelihood he will succeed on the merits and, for that reason, to stay his execution scheduled for April 21, 2022. Unless and until they are enjoined from executing Plaintiff, Defendants will continue to and will, in fact, deprive Plaintiff of his Eighth and Fourteenth Amendment rights.

### Prayer for relief

WHEREFORE, Plaintiff Carl Wayne Buntion respectfully requests judgment as follows:

A.    For a determination that the cause of action raised herein is a challenge to the State's method of execution and therefore cognizable in an action brought pursuant to § 1983;

B.    For a judicial declaration that Plaintiff has been and will continue to be subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments unless and until Defendants are enjoined from executing him;

C.     For an injunction prohibiting Plaintiff's execution both on April 21, 2022 and at any time in the future; and

D.     For such other and further relief the Court deems just and proper.


Respectfully submitted,


/s/ David R. Dow

_____

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

/s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-6843
Fax (713) 743-2131
Email jrnewber@central.uh.edu


*Counsel for Carl Buntion, Plaintiff*

## Verification

I, Jeffrey R. Newberry, attorney for Plaintiff in the above-entitled action, state that to the best of my knowledge and belief, the facts set forth in this Complaint are true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 7, 2022.

/s/ Jeffrey R. Newberry
_____

Jeffrey R. Newberry

31

## Certificate of Service

I certify that on April 7, 2022, I served the foregoing pleading and attachments on Counsel for Defendants in both Buntion's habeas proceedings: Cara Hanna and Gwendolyn Vindell. If those attorneys inform Counsel other attorneys will represent Defendants in this proceeding, Counsel will immediately send those attorneys a copy of this pleading.

s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry