United States District Court
Southern District of Texas
**ENTERED**
April 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WAYNE BUNTION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-01125 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Over thirty-one years after his capital-murder conviction, the State of Texas will execute Carl Wayne Buntion on April 21, 2022. On April 7, 2022, only fourteen days before his scheduled execution, Buntion filed this instant civil-rights lawsuit under 42 U.S.C. § 1983. Buntion, who "turned seventy-eight years old" and "is the oldest person incarcerated on death row in Texas" argues that, "[a]fter such a lengthy incarceration, his execution . . . would [not] serve . . . the permissible purposes of the death penalty." (Docket Entry No. 1 at 8). Buntion moves to stay his execution. (Docket Entry No. 6). The State opposes any relief. (Docket Entry No. 7). The Court finds that Buntion has not shown an entitlement to a stay of execution and that this case should be dismissed.

## BACKGROUND

In 1990, Houston Police Department Officer James Irby stopped a vehicle in which Buntion was a passenger. While Officer Irby and the driver talked next to the vehicle, Buntion exited the car. Buntion shot Officer Irby once in the head. After he fell to the ground, Buntion shot Officer Irby twice more in the back.

A jury convicted Buntion of capital murder in 1991.  He was sentenced to death.  After the Texas Court of Criminal Appeals overturned his sentence, Buntion received another death sentence in 2012.  Buntion again exhausted his appellate and habeas remedies.  A Texas court recently issued a warrant scheduling Buntion's execution for April 21, 2022.

Buntion filed this lawsuit on April 7, 2022.  Buntion's civil-rights complaint raises a single claim: "Buntion's execution after over three decades of delay caused by the State would violate his rights under the Eighth and Fourteenth Amendments."  (Docket Entry No. 1 at 24).  Buntion's arguments find their genesis in an opinion dissenting from the denial of certiorari in *Lackey v. Texas*, 514 U.S. 1045 (1995).  In that dissenting opinion which has given rise to what has sometimes been called a "*Lackey* claim," Justice John Paul Stevens noted that the question of delay between sentencing and execution of the sentence issue was important and would benefit from further judicial review.  *Id*. at 1047 (mem.) (Stevens, J.).  Labeling his arguments "a challenge to the State's method of execution," Buntion asks this Court to create a new constitutional protection under *Lackey* pursuant to section 1983.  (Docket Entry No. 1 at 29).

This lawsuit is not the first time that Buntion has litigated constitutional questions concerning the length of his incarceration.  Buntion raised similar arguments in his federal habeas corpus petition (*Buntion v. Davis*, 4:17-cv-2683, Docket Entry No. 4 at 111-14) and in a subsequent state habeas application (*Ex parte Buntion*, 2022 WL 946264, at *1 (Tex. Crim. App. 2022)).  Most recently, Buntion filed similar claims in a successive federal habeas corpus petition.  (*Buntion v. Lumpkin*, 4:22-cv-1104).  Without significant alteration in his legal argument, Buntion has now advanced a *Lackey* claim in a civil-rights petition.

Buntion's complaint asks for declaratory and injunctive relief.  (Docket Entry No. 1 at 30).  Buntion's complaint says that he seeks a stay of execution in a "contemporaneously filed motion,"

but he did not file a motion to stay until April 14, 2022.  (Docket Entry No. 1 at 29, No. 6).  For

the reasons discussed below, the Court finds that Buntion is not entitled to a stay of his execution.

The Court also dismisses this case.[1]

## STAY OF EXECUTION

Buntion's civil-rights complaint can only proceed if the Court issues a stay of execution or

another form of injunctive relief.  A federal court has inherent discretion when deciding whether

to stay an execution.  *See Nken v. Holder*, 556 U.S. 418, 434 (2009); 28 U.S.C. § 2251(a)(1).  "[A]

stay of execution is an equitable remedy, and an inmate is not entitled to a stay of execution as a

matter of course."  *Hill v. McDonough*, 547 U.S. 573, 583-84 (2006).  In deciding whether to issue

a stay of execution, a court must consider: (1) whether the stay applicant has made a strong

showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

injured absent a stay; (3) whether issuance of the stay will substantially injure the other party

interested in the proceeding; and (4) where the public interest lies.  *See Nken*, 556 U.S. at 425-26.

"[I]nmates seeking time to challenge the manner in which the State plans to execute them must

satisfy all of the requirements for a stay, including a showing of a significant possibility of success

on the merits." *Hill*, 547 U.S at 584.

---

[1]       Given the short time before his execution, the Court will only elaborate on a few reasons for denying a stay
and dismissing this case.  The Court observes, however, that other strong arguments support the Court's decision.
For instance, Buntion concedes that he has not exhausted administrative remedies for his claim. *See* (Docket Entry
No. 1 at 22) (Buntion "does not believe that exhaustion is necessary under the Prison Litigation Reform Act
("PLRA"), 42 U.S.C. § 1997e, because there are no available administrative remedies that could address the
challenged constitutional violation").  Further, Buntion has not shown that he has filed this action within the
applicable statute of limitations.  Also, given that Buntion has previously raised the instant issues in two habeas
petitions and that he lacks any arguable basis for his claim in civil-rights law, the Court questions whether the
instant action has been done for an improper purpose "such as to harass, cause unnecessary delay, or needlessly
increase the cost of litigation." Fed. R. Civ. P. 11(b)(2); *see also Price v. Dunn*, 139 S. Ct. 1533, 1540 (2019)
(Thomas, J., concurring) ("Petitioner's strategy is no secret, for it is the same strategy adopted by many death-row
inmates with an impending execution: bring last-minute claims that will delay the execution, no matter how
groundless. The proper response to this maneuvering is to deny meritless requests expeditiously.").

Buntion's pending motion depends on the operation of equity in his behalf.  *See Hill*, 547 U.S. at 584.  Before turning to his specific claim, the Court expresses concerns about the timing of Buntion's lawsuit.  In the balance of equity, "dilatory behavior" may weigh heavily against a plaintiff.  *Ramirez v. McCraw*, 715 F. App'x 347, 351 (5th Cir. 2017).  The Supreme Court has observed that "a number of federal courts have invoked their equitable powers to dismiss suits they saw as speculative or filed too late in the day." *Hill*, 547 U.S. at 584.   The Supreme Court has recognized the "significant" problems created when death-row inmates delay in filing their section 1983 suits, stating that "federal courts can and should protect States from dilatory or speculative suits." *Id*. at 585; *see also Dunn v. Ray*, ___ U.S. ___, 139 S. Ct. 661 (Mem) (2019) (vacating a stay issued by a circuit court when the inmate sued only days before his execution).

Buntion's complaint does not identify any concern that has suddenly arisen but instead relies on issues that have been present for years.  Buntion, in fact, litigated a similar claim in 2018.[2] Buntion, nevertheless, waited until days before his execution to bring this lawsuit.  Nothing prevented Buntion from challenging his execution in a civil-rights lawsuit long before now.  Any urgency is a matter of Buntion's own creation.  Filing this lawsuit only days before an execution lessens the credibility of the Buntion's arguments and raises a concern that he is only engaging in gamesmanship.  *See* Charles Alan Wright & Arthur R. Miller, et al., 11a Federal Practice & Procedure § 2948.1 (3d ed., April 2017 update) ("A long delay by plaintiff after learning of the

---

[2]     The strongest support for Buntion's claim comes from a statement of Justice Breyer respecting the denial of certiorari in Buntion's federal habeas action.  *See Buntion v. Lumpkin*, 142 S. Ct. 3 (Mem) (2021) ("Buntion has now been subjected to those conditions for decades. His lengthy confinement, and the confinement of others like him, calls into question the constitutionality of the death penalty and reinforces the need for this Court, or other courts, to consider that question in an appropriate case.").  Buntion does not explain why he waited months after that statement to file this lawsuit.  Even assuming that Buntion's claims did not become ripe until the State set his execution date, he should have filed this lawsuit much earlier.

threatened harm also may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction.").

The Fifth Circuit has recognized that similarly late-filed lawsuits "constitute[] a dilatory tactic and therefore warrant[] no equitable relief." *See Bible v. Davis*, 739 F. App'x 766, 770 (5th Cir. 2018); *see also White v. Johnson*, 429 F.3d 572, 573-74 (5th Cir. 2005).[3]   The Court, therefore, finds that Buntion's unnecessary delay in filing suit requires the denial of equitable relief.

In addition, Buntion has not made a strong showing that he is likely to succeed on the merits and has not otherwise met the requirements for a stay of execution.   Buntion's complaint raises a single claim: that his "execution after over three decades of delay caused by the State would violate his rights under the Eighth and Fourteenth Amendments." (Docket Entry No.  1 at 24).   Setting aside the question of whether Buntion bears some responsibility for the delay through legal challenges to his conviction and sentence,[4] Buntion has not shown a strong likelihood of success.   As an initial matter, Buntion's cause of action sounds in habeas, not civil-rights law.   *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).   A civil-rights complaint is not the proper vehicle to bring a *Lackey* claim before the federal courts.   "Challenges to the validity of any confinement

---

[3]   Indeed, "[i]n response to systemic abuses by prisoners bringing dilatory claims, the federal courts—and [the Fifth Circuit] in particular—have been forced to develop extensive jurisprudence resisting those requests for long-available claims presented, for the first time, on the eve of execution."  *Ruiz v. Davis*, 850 F.3d 225, 229 (5th Cir. 2017); *see also Bible*, 739 F. App'x at 770 (finding a lawsuit brought nineteen days before execution was dilatory); *Sepulvado v. Jindal*, 729 F.3d 413, 420-21 (5th Cir. 2013) (vacating a stay where inmate challenged a procedure he had known about for two years); *Brown v. Livingston*, 457 F.3d 390, 391 (5th Cir. 2006) (denying equitable relief where "[a]lthough [the prisoner's] direct appeal has been final for seven years, he did not file the instant complaint until six days before his scheduled execution"); *Reese v. Livingston*, 453 F.3d 289, 291 (5th Cir. 2006) (denying stay of execution because "a plaintiff cannot wait until a stay must be granted to enable him to develop facts and take the case to trial – not when there is no satisfactory explanation for the delay").

[4]   *See White v. Johnson*, 79 F.3d 432, 439 (5th Cir.1996) ("The state's interest in deterrence and swift punishment must compete with its interest in insuring that those who are executed receive fair trials with constitutionally mandated safeguards . . . .   White has benefited from this careful and meticulous process and cannot now complain that the expensive and laborious process of habeas corpus appeals which exists to protect him has violated other of his rights.").

or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004); s*ee also Hill v. McDonough*, 547 U.S. 573, 579 (2006). Buntion's *Lackey* claim is not cognizable in a section 1983 action and thus he fails to state a claim upon which relief can be granted. *See Smith v. Shinn*, 2021 WL 5320877, at *2 (9th Cir. 2021).

But whether Buntion has chosen civil-rights or habeas as the vehicle for bringing this claim, his arguments rest on unsure constitutional footing. While Bunion lists dissenting opinions that discuss the possible merit of a *Lackey* claim (Docket Entry No. 1 at 26), he has not cited any case endorsing such a constitutional protection. No current federal jurisprudence supports Buntion's claim. *See Knight v. Florida*, 528 U.S. 990 (1999) (Thomas, J., concurring in denial of certiorari) ("I am unaware of any support in the American constitutional tradition or in this Court's precedent for the proposition that a defendant can avail himself of the panoply of appellate and collateral procedures and then complain when his execution is delayed."); *Allen v. Ornoski*, 435 F.3d 946, 958 (9th Cir. 2006) ("The Supreme Court has never held that execution after a long tenure on death row is cruel and unusual punishment."). Simply, "[p]risoners have been making the delay argument for years, always without success." *Chambers v. Bowersox*, 157 F.3d 560, 569 (8th Cir. 1998).

The Court, therefore, easily finds that Buntion has not made a strong showing that he is likely to succeed on the merits of his *Lackey* claim. Buntion's "inability to establish a likelihood of success on the merits is, effectively, dispositive of the motion for stay." *Crutsinger v. Davis*, 930 F.3d 705, 707 (5th Cir. 2019). The Court, however, notes that the other factors weigh heavily against Buntion. Even assuming that the possibility of irreparable injury weighs in Buntion's

favor,[5] the remaining two *Nken* factors weigh strongly against him.  A stay would prejudice the Defendant because Texas has a "strong interest in enforcing its criminal judgments without undue interference from the federal courts."  *Id.* at 272-73 (5th Cir. 2019).  The public interest more greatly lies in allowing the State to carry out its otherwise-valid judgment because "protecting against abusive delay is an interest of justice."  *Martel v. Clair*, 565 U.S. 648, 662 (2012).  For those reasons, the Court denies Buntion's request for a stay.

## BUNTION'S COMPLAINT

Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1).  For the same reasons which disentitle Buntion to a stay, his complaint fails to state a claim on which relief can be granted.  The Court, therefore, must dismiss his complaint under 28 U.S.C. § 1915A.

## CONCLUSION

For the reasons described above, the Court **ORDERS** as follows:

1.  Buntion's request to proceed *in forma pauperis* is **GRANTED**.  (Docket Entry No. 2).

2.  Buntion's motion for a stay of execution (Docket Entry No. 6) is **DENIED**.

3.  This case is **DISMISSED WITH PREJUDICE**.

4.  Buntion may proceed *in forma pauperis* in any appeal in this case.

---

[5]  The Fifth Circuit has said that "[i]n a capital case, the possibility of irreparable injury weighs heavily in the movant's favor."  *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982).  Even though the death penalty is irreversible, there must come a time when the legal issues "have been sufficiently litigated and re-litigated so that the law must be allowed to run its course."  *O'Bryan*, 691 F.2d at 708 (quoting *Evans v. Bennett*, 440 U.S. 1301, 1306 (1979)).

5.      All other requests for relief are **DENIED**.

SIGNED on April 18, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge